# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES ROGERS** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **CAUSE NO. 1:07CV1145-LG-RHW** |
| | § | |
| **WAL-MART STORES, INC.** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

BEFORE THE COURT is Defendant's Motion for Summary Judgment [10]. Plaintiff Charles Rogers instituted this premises liability action for injuries he sustained when he fell at a Wal-Mart store in Ocean Springs, Mississippi. Wal-Mart argues there is no evidence of negligence, or actual or constructive knowledge of the dangerous condition. The Court has reviewed the parties' submissions and the relevant legal authority. The motion for summary judgment is granted.

### FACTS AND PROCEDURAL HISTORY

Charles Rogers and his wife Georgia were grocery shopping in the Ocean Springs, Mississippi Wal-Mart from approximately 7:00 to 7:45 p.m. They turned a corner and entered the frozen food aisle. He slipped in water and injured his knee. Wal-Mart Support Manager and Assistant Manager Stephanie Carroll responded to the scene. Rogers was placed in a wheelchair. Landrum instructed another employee to mop up the water and put up signs. Rogers alleges that as a result of the accident he underwent knee surgery and was absent from work.

# DISCUSSION

<u>STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56:</u>

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

In a premises liability action, Mississippi law requires that the Court first "determine the status of the injured party as invitee, licensee, or trespasser. Second, based on the injured's status, the court must determine what duty the landowner/business operator owed the injured party." *Thomas v. Columbia Group, LLC*, 969 So. 2d 849, 852 (¶11) (Miss. 2007). Finally, a determination is made regarding whether the owner breached a duty. *Leffler v. Sharp,* 891 So.2d 152, 159 (Miss. 2004).

It is undisputed that Rogers was an invitee. Under Mississippi law, Wal-Mart owed

Rogers the duty to keep the premises reasonably safe and to warn him of hidden dangers, about which Wal-Mart knew or reasonably should have known. *Mayfield v. Hairbender*, 903 So. 2d 733, 735-36 (¶11) (2005). Therefore, Rogers must prove that Wal-Mart (1) negligently caused, or (2) had actual or (3) constructive knowledge of the water on the floor (4) but failed to remedy it or warn him. *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (¶¶7-8) (Miss. 2000). Wal-Mart argues it was not negligent in causing the condition nor did it have actual or constructive knowledge of the water. Rogers responds that Wal-Mart had constructive knowledge.[1]

There was no summary judgment evidence that Wal-Mart negligently caused the water to be on the floor. Likewise, there was no evidence that Wal-Mart actually knew the water was on the floor before Mr. Rogers's accident. Instead, Rogers relies on Wal-Mart's constructive knowledge of the presence of the water hazard for imposing liability.

"Constructive knowledge is present where, based on the length of time that the condition existed, [the defendant] exercising reasonable care should have known of its presence." *Id.* at (¶10). For example, in one case the Mississippi Supreme Court found lack of constructive knowledge, because without evidence of tracks or footprints or that the liquid was smeared on the floor, it was just as reasonable to assume the liquid was spilled one minute prior to the accident as two hours. *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 286 (Miss. 1986). In a subsequent case, it was "clear that there [we]re questions as to how long the spill had been on the floor," because the liquid was dirty and cart tracks and shoe prints were visible in and

---

[1] Rogers has also asked the Court to disregard Landrum's affidavit as he was unavailable for deposition.

around it. *Ducksworth v. Wal-Mart Stores*, 832 So. 2d 1260, 1262 (¶4) (Miss. Ct. App. 2002). In another case the court noted there were no tracks, "but the heavy rains coupled with the stains on the ceiling directly above the site of the accident were sufficient to establish an inference of constructive notice." *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1171 (Miss. 1996). Finally, evidence that the defendant usually watered the plants between 10:00 and 11:00 a.m., and that plaintiff slipped in water near the plants between 1:45 and 2:45 p.m. was sufficient to "allow a jury to reasonably infer that the water had been on the floor for a sufficient period of time to establish that [defendant] should have known the water was on the floor." *Elston v. Circus Circus Miss., Inc.*, 908 So. 2d 771, 775 (¶14) (Miss. Ct. App. 2005).

Turning to the facts of this case, no one knows exactly how long the water was on the floor or how it came to be there. Carroll inspected the area for leaks but found none. There was no evidence that it had been raining. When the Rogers' turned onto the aisle, they saw no one else. As soon as he entered the aisle, Rogers slipped in the water. The water was more to the left of the aisle. Landrum stated the water where Rogers fell took up an area of three and a half feet. Rogers testified, the water:

> was kind of hard to see, but I did hear the employees after I fell, saying, down the aisle that I was going that there was water here to mop it up. And then when I was being wheeled from the aisle back to the customer service by Mr. Landrum, I heard him tell an employee at the beginning of the aisle, where I came in through, there's some water there, mop it up and be sure to put signs up.

(Pl.'s Dep. at 39). Subsequently, Rogers testified "the water was up and down the aisle." *Id.* at 45. It is significant to note that there was no evidence tending to show footprints or tracks through the water. When asked if there was a trail of water or just a puddle, Rogers testified, "Best to my knowledge, sir, is by what the employee was saying water was in front of where I

4

was at and then they was telling the employees to mop up behind like the whole length of the aisle pretty much almost." *Id.* at 44.  Carroll "said that there was water down the aisle."  (Mrs. Rogers Dep. at 18).  She could not verify that a safety sweep had been done within the hour.

The Court is not unsympathetic to the fact that Rogers has sustained injuries and losses not of his own making.  However, the owner of a business is not an insurer against all injuries.  *Anderson v. B.H. Acqusitions, Inc.,* 771 So.2d 914, 918 (Miss. 2000).  Without evidence of the water source or evidence tending to show how long the standing water was present, the fact finder's tools will be limited to conjecture and speculation on essential elements that require proof.  Due to the absence of any evidence from which a jury may reasonably infer constructive notice, this Court is compelled to grant summary judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant's [10] Motion for Summary Judgment is **GRANTED**.  A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE